BOWEN, Presiding Judge.
Benjamin Bernard Lewis was convicted for escape in the third degree and sentenced to ten years’ imprisonment. Lewis was granted an “out-of-time” appeal after filing a pro se petition for writ of error coram nobis.
I
Lewis argues that he was denied the effective assistance of counsel because counsel failed to object to testimony regarding Lewis’ prior conviction for escape and testimony concerning Lewis’ history of arreste and incarceration.
Lewis entered a plea of not guilty by reason of mental incapacity to the indictment. The jury was charged on the defense of diminished mental capacity. Trial counsel’s obvious purpose in allowing the introduction of and in introducing the evidence of Lewis’ prior “run-ins” with the law was to show Lewis’ diminished mental capacity and the effect of incarceration upon that mental capacity. As such, it was trial strategy and not ineffectiveness. “[A] court must indulge a strong presumption that counsel’s conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action ‘might be considered sound trial strategy.’ ... There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way. * * * [Strategic choices made after thorough investigation of law and facte relevant to plausible options are virtually unchallengeable.” Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2065-66, 80 L.Ed.2d 674 (1984); Ex parte Baldwin, 456 So.2d 129 (Ala.1984), affirmed, — U.S. -, 105 S.Ct. 2727, 86 L.Ed.2d 300 (1985); Dill v. State, 484 So.2d 491 (Ala.Cr.App.1985).
Here, in view of the circumstances, including the overwhelming evidence of Lewis’ guilt, one of the few options available to defense counsel was to attempt to convince the jury that a person in his right mind would not have acted the way Lewis did and the way he had been acting for some time. See generally the annotation on the adequacy of defense counsel’s representation of criminal client regarding incompetency, insanity, and related issues at 17 A.L.R. 4th 575 (1982).
While counsel’s actions and omissions might very well constitute ineffective assistance of counsel under other circumstances, given the facte of this case, we find that counsel’s representation fell well with within the standard of reasonably effective assistance.
II
Lewis argues that the trial judge, on his own motion, should have rejected the testimony of the prior offenses. Had the trial judge excluded this evidence on his own motion, he would have denied Lewis evidence of his mental incapacity and that would have constituted error.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.